IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENITA GORGAS and NELSON GORGAS, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES, LLC f/k/a AMAZON.COM, LLC, and AMAZON WEB SERVICES, INC.,<br><br>Defendant. | Case No. _____<br><br>Honorable _____ |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Amazon.com, Inc., Amazon.com Services, LLC f/k/a/ Amazon.com, LLC ("collectively, "Amazon"), and Amazon Web Services, Inc. ("AWS"), by and through their attorneys, Perkins Coie LLP, hereby give notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

By filing this notice, Amazon and AWS do not concede any allegation, assertion, claim, or demand for relief in the Complaint of plaintiffs Benita Gorgas and Nelson Gorgas, or that any damages exist. Amazon and AWS expressly deny that they have violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), intend to defend this matter vigorously, and reserve all defenses and objections to the allegations, assertions, claims, demands for relief, and supposed damages set forth in the Complaint.

### **I.   THE STATE COURT ACTION**

On August 9, 2022, plaintiffs, on behalf of themselves and allegedly similarly situated individuals, filed this action in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under the caption *Benita Gorgas and Nelson Gorgas v. Amazon.com, Inc., et al.*, Case No. 2020-CH-07737. *See* **Ex. A** (Complaint).

Plaintiffs seek relief for Amazon and AWS's alleged violations of BIPA. Specifically, they allege that Amazon and AWS violated Sections 15(a), 15(b), 15(c), and 15(d) of the statute by "captur[ing] and scan[ning]" their "biometric identifiers, particularly their facial geometry" without complying with BIPA's requirements, and by unlawfully "profiting from" their "biometric identifiers or biometric information." Ex. A ¶¶ 21, 42, 85-125. They bring this action as a putative class action, seeking to represent a proposed class of "[a]ll individuals who worked at an Amazon workplace location in the State of Illinois and who had their facial geometry scans or any other biometric identifiers and/or biometric information, collected, captured, received, or otherwise obtained, maintained, stored, used, disclosed, disseminated, sold, traded, leased, or otherwise profited from by Amazon during the applicable statutory period." *Id.* ¶ 74. They allege that "[t]here are at least many thousands of putative Class members" and that the class certification factors are met. *Id.* ¶¶ 76-77. Among other relief, plaintiffs seek on behalf of themselves and every class member: (1) declaratory relief, (2) statutory damages, (3) injunctive and equitable relief, (4) attorneys' fees and costs, and (5) pre- and post-judgment interest. *Id.* at 27 ("Prayer for Relief").

Plaintiffs served the complaint on the registered agent of Amazon.com, Inc. on August 23, 2022, *see* **Ex. B** (Summons to Amazon.com, Inc.), and on the registered agents of Amazon.com Services, LLC and AWS on August 29, 2022, *see* **Ex. C** (Summons to Amazon.com Services, LLC); **Ex. D** (Summons to AWS).

## II. GROUNDS FOR REMOVAL

**A.     This action is removable under 28 U.S.C. § 1332(a)(1) and 1441(b).**

This case is properly removed under 28 U.S.C. §§ 1332(a)(1) and 1441(b) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest. *See Fernandez v. Kerry, Inc.*, No. 17 C 8971, 2020 WL 1820521, at *3-4 (N.D. Ill. Apr. 10, 2020).

1. **There is complete diversity of citizenship.**

Plaintiffs are citizens of Illinois, *see* Ex. A ¶ 23, but none of the three defendants is. Amazon.com, Inc., and AWS both are corporations incorporated in Delaware with principal places of business in Seattle, Washington; they are therefore citizens of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1). Amazon.com Services LLC is a Delaware limited liability company with its headquarters in Seattle, Washington. A limited liability company has the citizenship of all its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a corporation incorporated in Delaware with its principal place of business in Washington. Amazon.com Services LLC therefore also is a citizen of both Delaware and Washington. Because defendants are all citizens of Delaware and Washington, and plaintiffs are citizens of Illinois, the parties are completely diverse. *See Fernandez*, 2020 WL 1820521, at *3.

2. **The amount in controversy exceeds $75,000.**

The Complaint makes apparent that the amount in controversy for each plaintiff's individual claims against Amazon and AWS exceeds $75,000, as required by 28 U.S.C. § 1332(a).

**First,** plaintiffs seek statutory damages. BIPA provides for "liquidated damages of $5,000" "for each violation" that is committed "intentionally or recklessly." 740 ILCS 14/20, 14/20(2). The Complaint alleges the following with respect to each plaintiff:

- Amazon and AWS allegedly violated Section 14/15(a) of BIPA, *see* Ex. A ¶¶ 85-94.
- Amazon and AWS allegedly violated Section 14/15(b) of BIPA, *see id.* ¶¶ 95-105;
- Amazon and AWS allegedly violated Section 14/15(c) of BIPA, *see id.* ¶¶ 106-115;
- Amazon and AWS allegedly violated Section 14/15(d) of BIPA, *see id.* ¶¶ 116-125; and
- Amazon and AWS allegedly committed the above violations intentionally or recklessly, *see id.* ¶¶ 41-42 (alleging defendants violate BIPA "[d]espite [] prior accusations"); 53 (alleging defendants "knew of, yet disregard[] Plaintiffs' and the

putative Class's legal rights in violation of BIPA"); *id.* at 27 (seeking "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA").

Accordingly, plaintiffs allege that $20,000 in statutory damages are in controversy for each plaintiff based on their individual claims against Amazon (four purported BIPA violations multiplied by $5,000 in statutory damages for each).

**Second,** plaintiffs seek attorney's fees and costs. *See id.* ¶ 73; *see also* 740 ILCS 14/20(3) (prevailing parties may recover "reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses" under BIPA). "Legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages." *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998). Thus, in calculating the amount in controversy, this Court may consider the attorneys' fees that plaintiffs' six-attorney legal team has incurred for investigating their claims, preparing and filing their Complaint, and other pre-removal tasks. While Amazon cannot know precisely the fees incurred, this Court should assume that those fees are substantial and potentially in excess of the jurisdictional amount, particularly given the size of the legal team.

**Finally**, plaintiffs seek wide-ranging injunctive relief. *See* Ex. A at 27 (seeking "injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Class, including an Order requiring Defendants to collect, store, use, and disseminate biometric identifiers and/or biometric information in compliance with BIPA and to delete and destroy any biometric identifiers and information previously collected from Class members"). This Court may consider the costs of that relief when calculating the amount in controversy. *See Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004) (explaining that "the cost a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry"). And those costs substantially increase the amount in controversy, particularly in light of the breadth of plaintiffs' claims. For example, the class is defined as applying to individuals who worked at any "Amazon workplace location in the State of Illinois," Ex. A ¶ 74, and allegedly involves "thousands if not tens of thousands of cameras" installed "throughout [those]

work locations," *id.* ¶ 56. The broad sweep of these allegations means that compliance with any injunctive relief that might hypothetically be ordered (though Amazon and AWS vigorously deny that plaintiffs are entitled to any such relief) would easily overtake the jurisdictional amount, even if the cost per location or per camera were relatively low. By way of example, a retrofit costing less than $10 per camera would easily overtake $75,000 if indeed there are "tens of thousands of cameras" used in the conduct that plaintiffs allege violates BIPA.

In short, it is apparent from the Complaint that the amount in controversy for each plaintiff's individual claims against Amazon and AWS exceeds $75,000. *See, e.g.*, *Fernandez*, 2020 WL 1820521, at *3; *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 770 (N.D. Ill. 2019) (removal was proper where "recovery, although uncertain, remains plausible based on [plaintiff's] allegations and an expansive reading of BIPA's damages provision").

**B.     This action is also removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.**

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because this Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

CAFA grants federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). Because all these requirements are met, and because Amazon and AWS have met all other requirements, CAFA authorizes the removal of this action.

1. **This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs filed this action under 735 ILCS 5/2-801, which allows "for the maintenance of a class action" when the alleged "class is so numerous that joinder of all members is impracticable"; "[t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; "[t]he representative parties will fairly and adequately protect the interest of the class"; and "[t]he class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(1)-(4). Because these requirements are "patterned" after those of Federal Rule of Civil Procedure 23, *Smith v. Illinois Cent. R.R. Co.*, 860 N.E.2d 332, 338 (Ill. 2006), it is a "similar State statute" under CAFA.

Plaintiffs also purport to bring this action on behalf of "[a]ll individuals who worked at an Amazon workplace location in the State of Illinois and who had their facial geometry scans or any other biometric identifiers and/or biometric information, collected . . . or otherwise profited from by Amazon during the applicable statutory period." Ex. A ¶ 74. Plaintiffs allege "[t]here are at least many thousands of putative Class members." *Id.* ¶ 77. Removing "defendant[s] may rely on the estimate of the class number set forth in the complaint." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017). Thus, although Amazon and AWS do not concede that Sosa's proposed class is certifiable, lawful, or otherwise proper, or that there are *any* individuals falling within its scope, the putative class action described in the Complaint meets CAFA's requirements.

2. **The amount in controversy exceeds $5,000,000.**

CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). BIPA provides statutory damages of $1,000 for a

negligent violation and $5,000 for an intentional or reckless violation, with damages calculated "for each violation." *See* 740 ILCS 14/20. Removing defendants' burden to demonstrate the amount in controversy is low and need show only that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Cop. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted).

Here, plaintiffs allege that Amazon and AWS committed intentional or reckless BIPA violations, each of which could incur $5,000 in statutory damages. Even one thousand class members would more than satisfy the threshold requirement, as $5,000 multiplied by one thousand violations totals $5,000,000—and plaintiffs have alleged more than one violation per putative class member. Plaintiffs allege there are "at least many thousands of putative Class members." Ex. A ¶ 77. Although Amazon and AWS do not concede that there is even a single employee whose "facial geometry scans or other biometric identifiers and/or biometric information" they collected or otherwise used as alleged in the Complaint, *id.* ¶ 74, and thus do not concede there is even a single member of the putative class as defined in the Complaint, for removal purposes, defendants "may rely on the estimate of the class number set forth in the complaint." *Sabrina Roppo*, 869 F.3d at 581.

Accordingly, the aggregated claims of the putative class establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000. *See, e.g.*, *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional

threshold is not "legally impossible"); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

3. **The parties are minimally diverse.**

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). As established above in section II.A.1, plaintiffs are citizens of Illinois and defendants are each citizens of Delaware and Washington. The parties thus are minimally diverse under CAFA.

4. **None of CAFA's exceptions bars removal of this action.**

This action does not fall within any exclusion to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

Section 1332(d)(4) precludes a district court from exercising CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" *and* "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because none of the defendants is a citizen of Illinois, where this action was filed—all three are citizens of Delaware and Washington. *See, e.g.*, *Sabrina Roppo*, 869 F.3d at 585 ("local controversy" exception did not apply where the primary defendant was not a citizen of Illinois).

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id*. § 1453(d) (same). Those provisions do not bar jurisdiction here because plaintiffs'

claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* Ex. A ¶¶ 40-53 (asserting claims for BIPA violations).

Accordingly, removal is proper because none of CAFA's exceptions applies.

**C.    Venue is proper in this Court.**

The Northern District of Illinois, Eastern Division, is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Cook County, Illinois, County Department, Chancery Division, where plaintiffs commenced this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

**D.    Amazon and AWS have satisfied all other requirements of the removal procedure.**

Finally, removal is procedurally proper because Amazon and AWS have satisfied all requirements. First, this action is being removed on grounds in addition to 28 U.S.C. § 1441(a), so it is not a requirement that each defendant properly joined and served join in or consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). Even if it were, this Notice of Removal is being filed on behalf of all defendants and thus each defendant has joined this removal.

Second, this Notice of Removal is timely filed. Amazon.com, Inc., was served with a copy of the Complaint and Summons on August 23, 2022, and Amazon.com Services, LLC and AWS were each served with a copy of the Complaint and Summonses on August 28, 2022. *See* Exs. B-D. Amazon and AWS subsequently filed and served this Notice of Removal within 30 days of service of the Complaint, in accordance with 28 U.S.C. § 1446(b).

Third, Amazon and AWS have filed with this Notice of Removal true and correct copies of all process, pleadings, and orders served upon them in the state-court action. In the state-court action, plaintiffs have filed the Complaint, a notice of motion, motion for class certification, and affidavits of service; and the Circuit Court has issued the Summonses and an Order entering and continuing generally the motion for class certification. These materials are attached as **Exhibit E**. A true and correct copy of the state court docket is attached as **Exhibit F**.

Finally, as required by 28 U.S.C. § 1446(d), Amazon and AWS will promptly serve on plaintiffs and file with the Cook County Circuit Court a "Notice of Removal to Federal Court," and will file with this Court a Certificate of Service of Notice of Removal to Federal Court pursuant to Federal Rule of Civil Procedure 5(d).

### III. RESERVATION OF RIGHTS AND DEFENSES

Amazon and AWS expressly reserve all of their defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of plaintiffs' allegations or waiving any of Amazon or AWS's defenses. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Amazon and AWS also reserve their rights to amend or supplement this Notice of Removal.

### IV. CONCLUSION

For the foregoing reasons, Amazon and AWS respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. Amazon and AWS further request whatever other relief the Court deems appropriate.

Dated:  September 21, 2022          AMAZON.COM, INC.,
AMAZON.COM SERVICES LLC F/K/A
AMAZON.COM, LLC, AND
AMAZON WEB SERVICES, INC.


By: */s/ Kathleen A. Stetsko*
     Kathleen A. Stetsko

**PERKINS COIE LLP**
Susan D. Fahringer
SFahringer@perkinscoie.com
Ryan Spear
RSpear@perkinscoie.com
Erin K. Earl
EEarl@perkinscoie.com
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Kathleen A. Stetsko
KStetsko@perkinscoie.com
110 N Upper Wacker Dr Suite 3400,
Chicago, IL 60606
Telephone: 312.324.8400
Facsimile: 312.324.9400

## CERTIFICATE OF SERVICE

   I hereby certify that, on September 21, 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF. I also certify that I caused the foregoing to be served by email to the following attorneys:

 Ryan F. Stephan
 Catherine T. Mitchell
 Mohammed A. Rathur
 STEPHAN ZOURAS, LLP
 100 N. Riverside Plaza
 Suite 2150
 Chicago, IL 60606
 T: (312) 233-1550
 rstephan@stephanzouras.com
 cmitchell@stephanzouras.com
 mrathur@stephanzouras.com

 Kenneth A. Wexler
 Justin N. Boley
 Zoran Tasic
 WEXLER BOLEY & ELGERSMA LLP
 311 S. Wacker Drive, Suite 5450
 Chicago, IL 60606
 Tel: (312) 346-2222
 Fax: (312) 346-0022
 kaw@wbe-llp.com
 jnb@wbe-llp.com
 zt@wbe-llp.com

                */s/ Kathleen A. Stetsko*
                Kathleen A. Stetsko